IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HAROLD RAY SUMROW | § | |
| | § | |
| | § | |
| VS. | § | CIVIL NO. 6:21-CV-00036 |
| | § | |
| | § | |
| CHRISTUS TRINITY MOTHER | § | |
| FRANCES HEALTH SYSTEM | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Harold Ray Sumrow hereby files this, his Original Complaint, against Christus Trinity Mother Frances Health System (hereinafter collectively referred to as "Defendant" or "Trinity Mother Frances"), for violating the Americans with Disabilities Act and the Age Discrimination in Employment Act. The causes of action and summary of claims relating thereto are addressed below:

**I. INTRODUCTION**

1. This case is about discrimination by Trinity Mother Frances against Harold Ray Sumrow because of a) a perceived mental disability; and b) age.

2. Plaintiff Sumrow was terminated on March 6, 2020 after a nineteen (19) year career as a security guard at Trinity Mother Frances Hospital in Tyler, Texas. Sumrow had been given an opportunity to resign and accept a severance package in December 2019, which he had rejected. The ostensible reason for Sumrow's separation from the company was the result of an MMPI test, which he disputed and later re-took with satisfactory results. Sumrow believes that he was discriminated against because Trinity Mother Frances perceived him as a person with a disability and on the basis of his age. As a direct and foreseeable consequence of Defendant's actions, Plaintiff has suffered economic and professional reputation damage, emotional distress,

humiliation, embarrassment, lost wages, lost benefits, all being past, present, and future, together with costs and reasonable attorney fees.  Plaintiff claims for damages are more fully set forth below.

## II.   PARTIES, JURISDICTION AND VENUE

3. Plaintiff Harold Ray Sumrow  ("Plaintiff" or "Sumrow") is currently a citizen and resident of Tyler, Texas.

4. Defendant Christus Trinity Mother Frances Health System is a non-profit business entity engaged in the operation of healthcare facilities and institutions in the State of Texas.  Trinity Mother Frances may be served with process by delivering the summons and complaint upon its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX  78701-3136.

5. Venue is proper in this Court because the acts of which Plaintiff complains occurred within the Eastern District of Texas – Tyler Division.

6. Sumrow filed a charge of discrimination with the EEOC on or about April 8, 2020 which was within 180 days of his termination alleging disability and age discrimination against Defendant. The EEOC issued its right to sue letter on December 8, 2020, which is attached hereto as Exhibit A.

## III.   FACTUAL BACKGROUND

7. Plaintiff Sumrow  was born on December 8, 1954. Sumrow  worked for Trinity Mother Frances  for a total of approximately nineteen 19 years until his termination on March 6, 2020.

8. Approximately twelve years ago, Trinity Mother Frances Hospital Security (of which Plaintiff was employed) went from having unarmed Security Officers to having armed Security Officers. At that time, all Security Officers were required to undergo psychological testing

(MMPI)) and meet with a psychologist to assess their respective mental capabilities for the job. At that time, Plaintiff passed and was approved to carry a gun.

9. Christus Health took over operations of Trinity Mother Frances Hospital in the summer of 2019, the Security Officers again were required to take the same test (MMPI) and visit with another psychologist. At that time, the psychologist, Andrews, told Plaintiff that if he were picking a basketball team, he would be looking for someone that was 6'3" tall and if he were looking for a horse jockey, he would be looking for someone that weighed around 100 lbs. Andrews drew a bell curve while explaining this. At this time Andrews stated that Plaintiff was average and drew a line down the middle of the bell curve.

10. Four months passed before the Security Officers were told of the results. The Security Officers had been informed that if they did not pass the test they would be terminated. Plaintiff was informed at that time that he had not passed the test and was not given the opportunity to retake the exam.

11. Plaintiff immediately scheduled an appointment with another psychologist (Laci Morgan) and retook the same test (MMPI) and an interview. On the following Monday, Plaintiff received the results that he had passed the MMPI test and was deemed competent to carry a weapon.

12. On December 3, 2019, Plaintiff was called into a meeting with Robert Graham (Director), Alan Beam (Manager), Elisabeth Stout HR Representative and an unknown woman on a phone conference. At that time, Plaintiff was told that he was being terminated because of the first MMPI test result and given the option of either resigning right then or working until a replacement could be hired and trained to take his position with the stipulation that if he stayed, he would be given a severance package which included a release of all claims against the company. Plaintiff declined the severance offer and chose to keep working.

13. When Plaintiff went to return the paperwork stating that he would continue to work and reject the severance package, he found Elizabeth Stout in the cafeteria with a lady (last name Washington) who was the VP Corporate HR. Plaintiff explained to them that he had taken the exam again and passed and was qualified to carry a weapon. Washington stated that it did not matter because they were only interested in the test Andrews had interpreted. (Plaintiff met with Andrews one time for approximately 40 minutes.) When Plaintiff asked why they would not even look at the results from the third test Washington stated that Andrews and the company he worked for were on the "cutting edge". Trinity Mother Frances refused to consider the result of the MMPI that Plaintiff had successfully completed subsequent to the Andrews test.

14. On March 6, 2020, Plaintiff's employment with Christus Mother Frances had ended. At the time of his termination, he was 65 years old. Upon information and belief, Plaintiff was replaced by someone significantly younger.

### IV. CAUSES OF ACTION

*A. Disability Discrimination*

15. Plaintiff realleges and incorporates the allegations contained in all previous paragraphs as if fully stated herein.

16. At all relevant times, Plaintiff has been an individual that was "being regarded as having a disability" as defined by the Americans with Disabilities Act. See: 42 U.S.C. § 12102(3)(A); See also: 29 C.F.R. §1630.2(l). More particularly, Plaintiff was regarded as a person with a mental impairment that substantially limits one or more of his major life activities.

17. Plaintiff can perform the essential functions of his job as a Security Officer at Trinity Mother Frances despite the fact that Defendant regarded him as unable to do so.

18. Trinity Mother Frances's termination because of its perception that Plaintiff had a mental disability constitutes discrimination against Plaintiff with respect to terms, conditions, or

privileges of employment. Trinity Mother Frances' actions constitute a violation of the Americans with Disabilities Act.

19. Trinity Mother Frances also failed to engage in the required interactive process to determine whether Plaintiff was a person who had a disability when presented with Plaintiff's second MMPI test result.

20. In terminating Plaintiff by reason of its perception that Plaintiff had a mental disability, Trinity Mother Frances acted with malice or with reckless indifference to the rights of Plaintiff.

*B. Age Discrimination*

21. Plaintiff realleges and incorporates the allegations contained in all previous paragraphs as if fully stated herein.

22. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Age Discrimination in Employment Act.

23. Defendant is an "employer" as defined by the ADEA.

24. At all relevant times Plaintiff was over the age of 40; thus, he was in a protected category as defined by the ADEA.

25. Plaintiff was terminated because of his age.

26. As described above, Defendant intentionally and willfully violated the ADEA by discriminating against Plaintiff because of his age.

**V. DAMAGES**

27. As a result of Defendant's violations as alleged herein, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future). Plaintiff has also suffered severe mental trauma, loss of enjoyment of life, and other non-pecuniary losses.

28. As a result of Defendant's malice and indifference to Plaintiff's rights under the

ADA, Plaintiff seeks recovery of punitive damages.

29. As a result of this willful violation of the ADEA by Defendant, Plaintiff requests that he be awarded liquidated damages, to which he is entitled, equitable and/or injunctive relief and costs.

## VI.     ATTORNEY'S FEES

30. Plaintiff seeks recovery of all attorney's fees under the applicable statutes.

## VII.     JURY DEMAND

31. Plaintiff requests trial by jury on all claims.

## VIII.     PRAYER FOR RELIEF

Wherefore, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. Judgement against Defendant for liquidated damages as allowed by the ADEA;

e. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of the ADA and ADEA;

f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g. Costs of suit, including attorney's fees;

h. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

        Respectfully submitted,

        <u>/s/ *William S. Hommel, Jr.*</u>
        William S. Hommel, Jr.
        Texas Bar No. 09934250
        HOMMEL LAW FIRM
        5620 Old Bullard Road, Suite 115
        Tyler, TX 75703
        (903) 596-7100 Telephone and Facsimile
        bhommel@hommelfirm.com

        ATTORNEY FOR PLAINTIFF